My name is Charles Zay. I'm here on behalf of the appellants, and I would like to reserve three minutes. Sure. If you keep track of your time, Mr. Zay, thank you. Thank you. We're here on our appeal of a grant of summary judgment dismissing the case in an order by Judge Reed on January 11, 2008. He rejected our arguments that a stopple should be applied to the secretary to apply the 180-day time limitation for filing appeals to the Provider Reimbursement Board. He also rejected our argument that it would have been premature if our client, Ann Berry, had filed within the 180-day time limit. And he also took the position that even if we were correct insofar as it would have been premature, there was no exception to the 180-day time limit, and Mr. Steppe and Ann Berry, the appellants, should have gone ahead. Counsel, I assume you agree that if you just apply straight statute of limitations doctrine, you're just toast, right? I mean, 1996, you should have filed it. 2005, you filed it. Does that occur? I didn't even know if I was born in 1996. Okay. So what were we talking about? I agree officially. Unless there's some basis for tolling the statute, you lose. Correct. Not fair to say. Absolutely. Okay. Now, was the issue of tolling equitable and stopple raised at the board level? I don't think they ever ---- since I wasn't counsel, I don't know what was ---- I'm not blaming you. I understand that. I'm just asking whether it was raised. I believe that the citations to the various rules and regulations and manuals that apply to the filing and to the conduct of the fiscal intermediary in the disposition of claims in front of the fiscal intermediary, those were all raised, the same ones that we raised here. I understand that. But the reality is here, your client has the burden, does it not, to show that the statute of limitations on its face should not be applied, right? Correct. Okay. So if that's the case, where did your client first make the argument that there should be an equitable tolling? I think the equitable tolling argument was made in front of the district court. Okay. So if you didn't raise it in the administrative setting, what impact, if any, does that have on your case? I'm not sure that the PRRB really has the authority to consider equitable tolling. I think their view of their authority and my understanding of their authority basically, as indicated also in footnote six of the U.S. Attorney's brief in this matter, is basically an accounting function. Did they or did they not count up the money right and apply that correctly? I understand that. Realistically, if you have a claim and, you know, the accountants do this and the accountants do that and whatever, and you never say anything about you're not misled, you're not deceived by somebody, how in do you bear the burden to show that equitable tolling should apply? I think that what we did was we raised it at the first opportunity that we had. Well, maybe you did, but did your client do that? I'm saying when I say we, I mean my client, because I don't believe my client had the opportunity to raise the equitable tolling argument in front of the PRRB. Who's your client exactly? Ann Berry and the Steps. Ann Berry is a corporation. Ann Berry was the corporation that actually submitted the cost reports to the fiscal intermediary. Okay, now they were in bankruptcy at the time this was going on, right, the corporation? Part of the time, yes. And there was a trustee appointed that stands in the shoes of the corporation? Eventually in February of 1998. So the trustee would have had the power to file whatever appeal, is that right? The trustee would have had that authority, that's correct. And the trustee, for whatever reason, chose not to do that. That's correct. Isn't that, if you have a gripe, isn't it, with the trustee? If you have a gripe, isn't it with the trustee? During that period of time, that's also correct. But what I'm also saying is the equitable tolling would have applied while the trustee had his hands on the corporation and so that when the bankruptcy finally closed and the corporation was removed from bankruptcy, then the corporation still had that right or the steps had that right. I don't understand that. I mean, if they had the right to, if the trustee standing in the shoes of the corporation had the right to file this appeal, chose not to do that, then that's just a ball game, isn't it? Well, I don't think so, and I would hope not. If I can focus on some of the chronology here to put this into some sort of perspective, it might answer your question. In July of 1996, Ann Berry and Mr. Stepp were told by the fiscal intermediary that an investigation of fraud and overpayments had begun. And when that happened, under the regulations and the rules that apply, immediately there was no duty of the fiscal intermediary to make any payments and to stop any review and investigation into the cost reports. Then what that happened is that stopped a key source of revenue for Ann Berry and basically drove Ann Berry into bankruptcy, which Mr. Stepp filed on behalf of Ann Berry in April of 2007. Then in December of 2007, Stepp, as the CEO was advised by the U.S. security It must have been 97, perhaps? 1997. Thank you. It's December, I wrote 2007. December 24, 1997, Stepp was advised that he and his wife were going to be indicted for Medicaid fraud, and then they invited to negotiate a plea, which the Stepps refused to do. Your time is running. Let me ask you to focus. What prevented your client or Ann Berry or anybody from making the necessary filing within the 180 days? Well, Mr. Stepp tried. Actually. Did he send a paper in? He did. Well, no. What he did was once the bankruptcy was filed, in October of 1997, before the 180 days had run on either the 95 or the 96 fiscal years for which cost reports were still pending, he asked for leave. He asked the court to hire a lawyer who would, by the by, help defend him. Did anything prevent him from simply sending the paper in? When he was a debtor in possession or before the bankruptcy filing itself, what prevented Ann Berry from sending in the appeal? Well, my understanding, the application was for the appointment of legal counsel. What prevented Ann Berry from sending in the appeal? Other than thinking, well, other than believing that you needed legal counsel. Unless you can answer that question, I don't see how there could possibly be a claim for equitable tolling. So let me ask you one more time. I want to know why the bankruptcy court wouldn't appoint a special counsel. I want to know what prevented Ann Berry or your client from sending in the required notice. Other than that the matter was in bankruptcy and that Mr. Stepp believed he needed permission to do it. And your client was the debtor in possession until the trustee was appointed. That's true. So he didn't need permission to send in the paper. He needed permission to hire a lawyer, but not to send in the notice. Well, for whatever reason he didn't, but he tried by seeking legal counsel. Do you satisfy a statute of limitations because you wanted to file a lawsuit but didn't? No, you don't do that. When you come back to rebuttal, I'd be interested to know how the district court had jurisdiction in light of Manaheim Memorial Hospital. That case, since it did not raise this issue of equitable tolling at the board level. Maybe when you come back up, maybe you can address that. All right. Thank you. Thank you. Good morning. May it please the Court. Good morning, Your Honors. My name is Holly Vance. I'm here on behalf of the Department of Health and Human Services. Your Honors, this is a simple case about a missed deadline. There's a mechanism in place for appealing to the PRRB where the fiscal intermediary does not issue the NPRs within the one-year period. The steps missed that deadline by more than seven years. Now, keep in mind that special counsel began rendering services to the steps without court approval in connection with this matter in September of 97, specifically on September 12, 97. And, Your Honor, that point is found in excerpt of Record 105, lines 2 to 4. I'd like you to keep in mind as well that the steps concede that they sought the assistance of special counsel to appeal the fiscal intermediary's failure to process the NPRs in a timely manner. My point being, Your Honor, the steps were aware of the need to appeal back in 1997, yet they took no action whatsoever to protect their rights for eight years. They hired counsel in 1997 for the specific purpose of appealing to the PRRB, and yet they didn't file that appeal for eight years. I think their acknowledgment in 1997 of the need to appeal cuts against their argument today that the deadline to appeal was extended. Counsel, what is the government's position as far as the jurisdiction of the district court since the equitable tolling argument was not raised at the board level? I think the district court and this court should be precluded from going there since it was not raised at the board level. There's no jurisdiction, is there, if it wasn't raised below? I would agree with that assessment, Your Honor. And may I respond to your earlier question specifically about what happened at the PRRB? My response would require me to go outside the district court record. May I do so? Well, you're not supposed to go outside the record. We all know that. Well, I just wanted to let you know that the paperwork that was submitted before the board So we are going outside the record, then? I'm sorry, unless the court doesn't want me to. Speaking for myself, I think you ought to confine yourself to the record. I have to agree. I will. In any event, Your Honor, if they did not submit equitable tolling at the board level, I believe that that precluded the district court and precludes this court from going forward and addressing those arguments. I don't recall. I don't have the brief in front of me, but did you raise that in your brief? That is not raised in our brief, Your Honor. If you don't raise that, are we entitled to rely on that, then? I think that Don't you have to assert that as a defense? I think that this court can do a right for the wrong reason analysis. I think the court should be able to address that, and specifically if it's a jurisdictional issue. Well, I was going to say, actually, we can raise jurisdictional issues sua sponte. And I'd be interested in your perspective on, if you're familiar with this case, Anaheim Memorial Hospital, which in dealt with a case somewhat similar, remanded to the board to consider whether the limitations appeared to be equitably tolled because, and I'm quoting, federal courts have jurisdiction over Medicare reimbursement disputes only to the extent provided in the statute. And absent a final agency decision, this court simply has no jurisdiction to review a provider's claim that equitable tolling permits its appeal. Doesn't that dispose of this matter? I think it should, Your Honor, yes. The only other point I would make is, given the steps acknowledgment of the need to appeal as far back as 1997 and then their extreme delay in submitting the appeal, I think the PRRB had no choice but to dismiss the action, Your Honor. And I would ask that this court please affirm on that basis. Thank you. That's all I have. Thank you, Ms. Vance. Mr. Zay, you get the last word. You've got about a minute or so left. I'm not familiar with the case that you say, Your Honor, so I have no reason. If I have cited it correctly, do you agree that your client loses? I guess it depends upon whether we're talking, how we talk about equitable tolling, because I believe that what was raised. We're talking about jurisdiction here. Right. Do we have jurisdiction where your client has not raised the issue at the board level? What I'm saying, I'm going to just define what I understand was raised at the board level, and that was the issue of the fact that the PRRB had no jurisdiction to determine anything because the appeal would have been premature because of the fact of the filing of the bankruptcy, which took the entire matter out of the hands of the fiscal intermediary, and the fiscal intermediary was never given authority to issue the NPR, and therefore, basically, there was nothing to appeal in the first place. But they didn't raise the issue of equitable tolling at the board level, right? Saying that all else that you said is true, they didn't raise that issue, right? They didn't put that label, equitable tolling. Or any facts related to it? They put the facts that I just presented to you. Okay. Which are really, although interesting, don't really deal with the issue of equitable tolling. Well, I thought it was a form of tolling in the sense of there's nothing to appeal here. There's no reason to be here in the first place. And so the clock hadn't started to run is what I'm saying. Thank you. Thank you. Thank you very much, Mr. Zane. Ms. Vance, thank you as well. The case just argued is submitted. Good morning.
judges: Silverman, Clifton, Smith M.